IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

IN RE JERRY WAYNE McLARTY                           NO. 25-11845-SDM
AND NANCY SUE McLARTY                                     CHAPTER 12

OBJECTION TO CONFIRMATION
OF AMENDED CHAPTER 12 PLAN OF REORGANIZATION

COME NOW Deere & Company, John Deere Financial, f.s.b., and Deere Credit, Inc. (collectively, the "John Deere Creditors") by and through their undersigned counsel, and object to the Amended Plan of Reorganization under Chapter 12 [Doc. #37] (the "Plan") filed by the Debtors. As grounds for objection, the John Deere Creditors show as follows:

(1)    The Debtors are variously indebted to the John Deere Creditors on 9 claims. The first such claim (account 2787, "Claim A") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model 612C 12-row non-chopping corn head (serial number 1H0612CXAB0740620). The unpaid balance of Claim A as of the petition date is $19,909.62, all as evidenced by and more fully described in Deere & Company's proof of claim 21.

(2)    The second such claim (account 3618, "Claim B") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere

1

Model S680 STS corn combine (serial number 1H0S680SED0755511). The unpaid balance of Claim B as of the petition date is $86,774.81, all as evidenced by and more fully described in Deere & Company's proof of claim 22.

    (3) The third such claim (account 3529, "Claim C") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model 450M round baler (serial number 1E0450MDKPP490994). The unpaid balance of Claim C as of the petition date is $37,460.15, all as evidenced by and more fully described in Deere & Company's proof of claim 23.

    (4) The fourth such claim (account 8554, "Claim D") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a Brent Model 882 grain cart or wagon (serial number B26840125). The unpaid balance of Claim D as of the petition date is $10,743.28, all as evidenced by and more fully described in Deere & Company's proof of claim 24.

    (5) The fifth such claim (account 2656, "Claim E") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a MacDon Model FD-135 platform (serial number 400064-21). The unpaid balance of Claim E as of the petition date is $ $37,620.13, all as evidenced

by and more fully described in Deere & Company's proof of claim 25.

(6) The sixth such claim (account 0720-000, "Claim F") is for excess hours and wear arising under a lease of equipment which expired pre-petition. The unpaid balance of Claim F as of the petition date is $7,103.02, all as evidenced by and more fully described in Deere Credit, Inc.'s proof of claim 26.

(7) The seventh such claim (account 5835-000, "Claim G") is for excess wear arising under a lease of equipment which expired pre-petition. The unpaid balance of Claim G as of the petition date is $824.04, all as evidenced by and more fully described in Deere Credit, Inc.'s proof of claim 27.

(8) The eighth such claim (account 6020, "Claim H") is for amounts owed on a commercial revolving account. The unpaid balance of Claim H as of the petition date is $13,602.59, all as evidenced by and more fully described in John Deere Financial, f.s.b.'s proof of claim 28.

(9) The ninth such claim (account 8980, "Claim I") is for amounts owed on a second commercial revolving account. The unpaid balance of Claim I as of the petition date is $32,220.68, all as evidenced by and more fully described in John Deere Financial, f.s.b.'s proof of claim 29.

(10) All of the collateral described in Paragraphs (1) through (5) above is referred to in this objection collectively as the "Equipment". All of the claims described in Paragraphs (1) through (9) above are referred to in this objection collectively as the "Claims".

(11) The amounts of the Claims set forth above do not include post-petition interest, costs of collection, attorneys' fees, or similar expenses incurred by the John Deere Creditors and provided for in the contracts and leases evidencing the Claims.

(12) The John Deere Creditors are affiliated entities. The contracts evidencing Claims A through E contain cross-collateral provisions, such that all of the Equipment secures payment of all of the Claims.

(13) The Debtors own no equity in the Equipment for the benefit of the estate.

(14) The Plan does not fully recognize the John Deere Creditors' cross-collateral rights.

(15) The Plan would impermissibly modify the John Deere Creditors' liens when the Equipment is surrendered.

(16) The Plan does not provide for insurance of the Equipment which the Debtors propose to retain.

(17) The default provisions of the Plan impose unnecessary burdens on the John Deere Creditors.

(18)    The Plan's provisions do not adequately protect the interests of the John Deere Creditors.

(19)    For all of the reasons set forth above, and for other reasons as may be shown at hearing, confirmation of the Plan should be denied unless the Plan is modified to address all such reasons to the satisfaction of the John Deere Creditors.

(20)    The John Deere Creditors object to confirmation of the Plan, and the John Deere Creditors do not accept the Plan.

WHEREFORE, Deere & Company, John Deere Financial, f.s.b, and Deere Credit, Inc. object to confirmation of the Amended Plan of Reorganization under Chapter 12 [Doc. #37]. Deere & Company, John Deere Financial, f.s.b, and Deere Credit, Inc. request such other relief as may be appropriate.

    Respectfully submitted,

    DEERE & COMPANY, JOHN DEERE FINANCIAL, f.s.b, and DEERE CREDIT, INC.

    By and through their attorney:

    /s/ Les Alvis
    LES ALVIS
    Bar Number 1548
    lalvis@rccalaw.com

OF COUNSEL:

RILEY, CALDWELL CORK & ALVIS, P.A.
207 Court Street
Post Office Box 1836
Tupelo, Mississippi 38802-1836
(662) 842-8945

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I electronically filed the foregoing OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 12 PLAN OF REORGANIZATION with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carter Dobbs, Jr.
carterdobbslaw@gmail.com

Jay Gore, III
jgore@gorekilpatrick.com

Ashley N. Lane
alane@gorekilpatrick.com

Erin A. McManus
emcmanus@watkinseager.com

James T. Milam
jtm@milamlawpa.com

Thomas C. Rollins, Jr.
trollins@therollinsfirm.com

Jim F. Spencer, Jr.
jspencer@watkinseager.com

Harold J. Barkley, Jr.
hjb@hbarkley13.com

U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov


DATED:   December 3, 2025

                              /s/ Les Alvis
                              LES ALVIS
                              Bar Number 1548
                              lalvis@rccalaw.com