_____

**SO ORDERED,**



*Judge Selene D. Maddox*

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**
_____

```
        IN THE UNITED STATES BANKRUPTCY COURT FOR THE
                NORTHERN DISTRICT OF MISSISSIPPI


IN RE JERRY WAYNE McLARTY                         NO. 25-11845-SDM
AND NANCY SUE McLARTY                                   CHAPTER 12



                    AGREED ORDER RESOLVING
                    OBJECTION TO CONFIRMATION
               OF CHAPTER 12 PLAN OF REORGANIZATION
```

THIS DAY there came on for consideration by the Court the objection [Doc. #45] of Deere & Company, John Deere Financial, f.s.b., and Deere Credit, Inc. (collectively, the "John Deere Creditors") to confirmation of the Amended Plan of Reorganization under Chapter 12 [Doc. #37] (the "Plan") filed by the Debtors. The Court is now advised that the John Deere Creditors and the Debtors have reached an agreement concerning the matters raised in said objection, that they wish for their agreement to be set forth in this Agreed Order, and that the Chapter 12 Trustee has no objection to their agreement. Having considered said agreement, the Court

1

finds that the same should be approved on the terms and conditions set out herein, the parties having stipulated as follows:

(1)     The Debtors are variously indebted to the John Deere Creditors on 9 claims. The first such claim (account 2787, "Claim A") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model 612C 12-row non-chopping corn head (serial number 1H0612CXAB0740620). The unpaid balance of Claim A as of the petition date is $19,909.62, all as evidenced by and more fully described in Deere & Company's proof of claim 21.

(2)     The second such claim (account 3618, "Claim B") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model S680 STS corn combine (serial number 1H0S680SED0755511). The unpaid balance of Claim B as of the petition date is $86,774.81, all as evidenced by and more fully described in Deere & Company's proof of claim 22.

(3)     The third such claim (account 3529, "Claim C") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model 450M round baler (serial number 1E0450MDKPP490994). The unpaid balance of Claim C as of the petition date is $37,460.15,

all as evidenced by and more fully described in Deere & Company's proof of claim 23.

(4) The fourth such claim (account 8554, "Claim D") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a Brent Model 882 grain cart or wagon (serial number B26840125). The unpaid balance of Claim D as of the petition date is $10,743.28, all as evidenced by and more fully described in Deere & Company's proof of claim 24.

(5) The fifth such claim (account 2656, "Claim E") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a MacDon Model FD-135 platform (serial number 400064-21). The unpaid balance of Claim E as of the petition date is $ $37,620.13, all as evidenced by and more fully described in Deere & Company's proof of claim 25.

(6) The sixth such claim (account 0720-000, "Claim F") is for excess hours and wear arising under a lease of equipment which expired pre-petition. The unpaid balance of Claim F as of the petition date is $7,103.02, all as evidenced by and more fully described in Deere Credit, Inc.'s proof of claim 26.

(7) The seventh such claim (account 5835-000, "Claim G") is for excess wear arising under a lease of equipment which

expired pre-petition. The unpaid balance of Claim G as of the petition date is $824.04, all as evidenced by and more fully described in Deere Credit, Inc.'s proof of claim 27.

(8)     The eighth such claim (account 6020, "Claim H") is for amounts owed on a commercial revolving account. The unpaid balance of Claim H as of the petition date is $13,602.59, all as evidenced by and more fully described in John Deere Financial, f.s.b.'s proof of claim 28.

(9)     The ninth such claim (account 8980, "Claim I") is for amounts owed on a second commercial revolving account. The unpaid balance of Claim I as of the petition date is $32,220.68, all as evidenced by and more fully described in John Deere Financial, f.s.b.'s proof of claim 29.

(10)    All of the collateral described in Paragraphs (1) through (5) above is referred to in this Agreed Order collectively as the "Equipment". All of the claims described in Paragraphs (1) through (9) above are referred to in this Agreed Order collectively as the "Claims".

(11)    The amounts of the Claims set forth above do not include post-petition interest, costs of collection, attorneys' fees, or similar expenses incurred by the John Deere Creditors and provided for in the contracts and leases evidencing the Claims.

(12) The John Deere Creditors are affiliated entities. The contracts evidencing Claims A through E contain cross-collateral provisions, such that all of the Equipment secures payment of all of the Claims.

(13) The Debtors own no equity in the Equipment for the benefit of the estate.

(14) Good cause exists for the relief granted.

IT IS THEREFORE ORDERED AS FOLLOWS:

(A) <u>Surrendered Equipment</u>. All of the Equipment except the John Deere Model 450M round baler described in Paragraph (3) above (collectively, the "Surrendered Equipment") is hereby surrendered by the Debtors. The Debtors shall promptly put Deere & Company into actual possession of the Surrendered Equipment. The Surrendered Equipment is hereby abandoned from the estate, and the automatic stay arising under 11 U.S.C. § 362 is hereby terminated as to the Surrendered Equipment so that Deere & Company may proceed with enforcement of its security interests under applicable nonbankruptcy law. Proceeds of disposition of the Surrendered Equipment shall be applied by the John Deere Creditors to such Claims and in such amounts and allocations as they may determine at their discretion. The John Deere Creditors shall account for the application of such proceeds by filing amended proofs of claim, which, except as provided in Paragraph (B) below, shall be paid on

the same terms as all other allowed general unsecured claims. The 14-day stay arising under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived as to the Surrendered Equipment.

(B) <u>Retained Equipment</u>. The Debtors shall retain the John Deere Model 450M round baler described in Paragraph (3) above (the "Retained Equipment") and shall pay its replacement value, $39,600.00, through the Plan with interest from June 12, 2025 at the rate of 8.00 percent per annum, in 5 equal annual installments payable on December 1 of 2026, 2027, 2028, 2029, and 2030. Such payments shall be applied to Claim C until Claim C has been paid in full, and thereafter to such of the remaining Claims in such amounts and allocations as the John Deere Creditors may determine at their discretion.

(C) <u>Retention of Liens</u>. Payment of the Claims shall be and remain secured by Deere & Company's pre-petition duly perfected first priority purchase money security interests in the Equipment. Deere & Company shall retain its liens in all of the Equipment. However, notwithstanding any provision to the contrary in Paragraphs (12) or (B) above, upon payment in full of the amount of $39,600.00 with interest as provided in Paragraph (B), Deere & Company shall release its lien on the Retained Equipment.

(D) <u>Insurance and Maintenance</u>. From time to time as reasonably requested by Deere & Company the Debtors shall furnish proof of paid insurance against loss of and damage to the Retained Equipment and naming Deere & Company as lienholder and loss payee and otherwise complying with the insurance requirements of the contract evidencing Claim C. The Debtors will cause the Retained Equipment to be maintained and repaired in accordance with the requirements of the contract evidencing Claim C.

(E) <u>Default</u>. In the event that the Debtors default by failing to fully and timely comply with any provision of this Agreed Order, and in the further event of the Debtors' failure to cure such default within 14 days from the date of written notice thereof to the Debtors' attorney of record, then the Retained Equipment shall stand abandoned from the bankruptcy estate and the automatic stay arising under 11 U.S.C. § 362 shall stand terminated as to the Retained Equipment and to Deere & Company, all without necessity of further notice or order of the Court, and Deere & Company shall then be free to proceed with enforcement of its security interest in the Retained Equipment under applicable nonbankruptcy law. In the event of termination of the automatic stay under this Paragraph (E), the 14-day stay arising under Rule 4001(a) of the Federal Rules of Bankruptcy Procedure shall stand waived.

(F) <u>Modification of Plan</u>.  The Plan is hereby modified by incorporating into the Plan all of the terms and provisions of this Agreed Order. In the event of any conflict between any term or provision of this Agreed Order and any term or provision of the Plan or of any order confirming the Plan, the terms and provisions of this Agreed Order shall control with respect to the John Deere Creditors. The Debtor shall not file, or cause to be filed, any amended plan or agree to any further modification of the Plan which is any way inconsistent with this Agreed Order unless the John Deere Creditors expressly consent in writing to such inconsistent provision.

(G) <u>Immediate Effect</u>.  This Agreed Order is effective upon entry, and the Debtors' obligations to perform under this Agreed Order are not contingent upon confirmation of the Plan.

## END OF ORDER ##

APPROVED AND AGREED AS TO CONTENT AND FORM:

/s/ Thomas C. Rollins, Jr.
THOMAS C. ROLLINS, JR.
Bar Number 103469
The Rollins Law Firm
P. O. Box 13767
Jackson, MS 39236
Tel. (601) 500-5333
trollins@therollinsfirm.com

/s/ Justin B. Jones
JUSTIN B. JONES
Bar Number 103295
Attorney for Chapter 12 Trustee
Post Office Box 4476
Jackson, Mississippi 39296-4476
(601) 362-6161
jjones@hbarkley13.com

/s/ Les Alvis
LES ALVIS
Bar Number 1548
Attorney for John Deere Creditors
P. O. Box 1836
Tupelo, MS 38802-1836
Tel. (662) 842-8945
lalvis@rccalaw.com