**SO ORDERED,**



Judge Selene D. Maddox

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN THE MATTER OF:                                          CHAPTER 12 NO.:

JERRY WAYNE MCLARTY AND
NANCY SUE MCLARTY                                          25 – 11845 - SDM

### ORDER CONFIRMING THE DEBTORS' CHAPTER 12 PLAN, AWARDING FEE TO THE DEBTORS' ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the Debtors appeared virtually through videoconference to be examined by creditors and other interested parties. A confirmation hearing was scheduled for December 16, 2025, pursuant to 11 U.S.C. 1224, all objections and other matters before the Court having been resolved by agreement.

The following objections to confirmation of the Debtors' Amended Chapter 12 Plan of Reorganization (Docket Number 37) were considered: Objection to Confirmation by Deere & Company (Docket Number 45); said Objection being resolved by Agreed Order entered December 12, 2025 (Docket Number 49).

The Court having considered the matters presented by the Trustee, counsel for the Debtors and by other interested parties, if any, and upon the pleadings and statements of parties and of counsel, and on the evidence presented, and the Court finds that the parties agree as follows:

     A.     Written notice of the meeting of creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation plan was given as required by Rule 2002.

     B.     The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 12 of Title 11 of the United States Code and the other applicable provisions of said Title;

     C.     Any fees, charges or other amounts required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation have been paid;

     D.     The plan has been proposed in good faith and not by any means forbidden by law;

     E.     The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7 of Title 11 of the United States Code on such date; and

F.    With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan or in the alternative –

    a)    (i) the plan provides that the holder of such claim retains the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

    b)    the plan proposes to surrender the property securing such claim to the creditor.

G.    If the Trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the Court finds that:

    a)    the value of the property to be distributed under the plan on account of such unsecured claim is not less than the amount of such claim, or

    b)    the plan provides projected disposable income, [as 'disposable income' is defined in 11 U.S.C. 1225(2)] to be received by the Debtors in the five (5) year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or the value of the property to be distributed under the plan in the five (5) year period, or such longer period as the Court may approve under Section 1222(c) is not less than the Debtors' projected disposable income for such period.

IT IS ORDERED THAT:

1.    The Debtors' Amended Chapter 12 Plan of Reorganization (Docket Number 37) is confirmed, with the modifications as specified in the agreed orders, Consent Orders, and otherwise specified as follows: Objection to Confirmation by Deere & Company (Docket Number 45); said Objection being resolved by Agreed Order entered December 12, 2025 (Docket Number 49).

2.    The Debtors shall make the payments to the Trustee required by the plan as confirmed. The payments shall be made by the Debtors to the Trustee as indicated by the payment schedule attached hereto as Exhibit "B". The Trustee is entitled to collect the statutory percentage fee on all payments received under the Chapter 12 Plan and made pursuant to the payment schedule attached hereto as Exhibit "B".

3.    All property shall remain property of the estate and shall vest in the Debtors only upon dismissal, discharge or conversion. The Debtors shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.

4.    The Trustee shall:

    a)    Keep a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements [11 U.S.C. 1202(b)(1)]; and

    b)    File with the Court, or if applicable, with the entity providing addressing service for the Court and the Trustee, notices of creditor's address changes brought to the attention of the Trustee. [Rule 2002(g)]; and

    c)    Deposit all funds received by the Trustee under the plan with an entity which provides insurance, guaranties or deposits in the manner prescribed by 11 U.S.C. 345.

5.    Pursuant to 11 U.S.C. 1226 the order of payment, unless otherwise directed shall be:

    a)    Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;

    b)    The percentage fee fixed for the Trustee pursuant to 11 U.S.C. 1202;

    c)    Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in property of the estate.

6.    The Trustee, the Debtors and attorney for the Debtors shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by 11 U.S.C. 704(5).

7.    The Trustee shall at least once yearly provide to the Debtors and the Debtors' Counsel a report showing the funds received and the disbursements made by him since the date of the last report and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a statement of receipts and disbursements.

8.    Ninety days after the final distribution, the Trustee shall stop payment of all checks then unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts known thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28. [11 U.S.C. 347].

If Applicable:

     9.      The Debtors have paid all amounts that are required to be paid under domestic support obligation that first become payable after the date of the filing of this petition as specified in 11 U.S.C. 1225(a)(7).

     10.     Upon completion of plan payments provided during the five (5) year term of plan, the Debtors shall receive a discharge on all unsecured debts provided for.  Upon completion of all payments that exceed the five (5) year term of the plan, the Debtors shall receive a discharge of said debts.

     11.     That, a copy of the Debtors' Amended Chapter 12 Plan of Reorganization is attached hereto as Exhibit "C".  This Plan is hereby confirmed, with the modifications made herein.

     12.     That, all payments will be made by the Debtors in accordance with the Plan attached as Exhibit "C", or the payment schedule attached hereto as Exhibit "B," or as hereafter modified by the Agreed Order(s) attached as Exhibit "A", or as modified herein.  It is ordered that the payments shall be made by the Debtor to the Trustee, Harold J. Barkley, Jr., P. O. Box 5069, Jackson, MS 39296-5069, as indicated by the payment schedule attached hereto as Exhibit "B".


ALLOWANCE OF ATTORNEY'S FEES:

     That, Debtors' Attorney shall hereafter file an Application for an Allowance of Attorneys Fee for representation of Debtors in this cause if any further attorney's fees are sought by Debtors' Attorney.


##END OF ORDER##


APPROVED:

HAROLD J. BARKLEY, JR. – MSB #2008
CHAPTER 12 TRUSTEE
POST OFFICE BOX 5069
JACKSON, MS 39269-5069
PHONE: 601/362-7153
FAX: 601/366-7442
E-MAIL: HJB@HBARKLEY13.COM

THOMAS C. ROLLINS, JR.- MSB #103469
ATTORNEY FOR DEBTORS

LES ALVIS – MSB #1548
ATTORNEY FOR DEERE & COMPANY

**SO ORDERED,**



*Selene D Maddox*

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

IN RE JERRY WAYNE McLARTY                    NO. 25-11845-SDM
AND NANCY SUE McLARTY                              CHAPTER 12


AGREED ORDER RESOLVING
OBJECTION TO CONFIRMATION
OF CHAPTER 12 PLAN OF REORGANIZATION


    THIS DAY there came on for consideration by the Court the

objection [Doc. #45] of Deere & Company, John Deere Financial,

f.s.b., and Deere Credit, Inc. (collectively, the "John Deere

Creditors") to confirmation of the Amended Plan of Reorganization

under Chapter 12 [Doc. #37] (the "Plan") filed by the Debtors. The

Court is now advised that the John Deere Creditors and the Debtors

have reached an agreement concerning the matters raised in said

objection, that they wish for their agreement to be set forth in

this Agreed Order, and that the Chapter 12 Trustee has no objection

to their agreement. Having considered said agreement, the Court

1

**EXHIBIT "A"**

finds that the same should be approved on the terms and conditions set out herein, the parties having stipulated as follows:

(1)      The Debtors are variously indebted to the John Deere Creditors on 9 claims. The first such claim (account 2787, "Claim A") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model 612C 12-row non-chopping corn head (serial number 1H0612CXAB0740620). The unpaid balance of Claim A as of the petition date is $19,909.62, all as evidenced by and more fully described in Deere & Company's proof of claim 21.

(2)      The second such claim (account 3618, "Claim B") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model S680 STS corn combine (serial number 1H0S680SED0755511). The unpaid balance of Claim B as of the petition date is $86,774.81, all as evidenced by and more fully described in Deere & Company's proof of claim 22.

(3)      The third such claim (account 3529, "Claim C") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a John Deere Model 450M round baler (serial number 1E0450MDKPP490994). The unpaid balance of Claim C as of the petition date is $37,460.15,

all as evidenced by and more fully described in Deere & Company's proof of claim 23.

(4)     The fourth such claim (account 8554, "Claim D") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a Brent Model 882 grain cart or wagon (serial number B26840125). The unpaid balance of Claim D as of the petition date is $10,743.28, all as evidenced by and more fully described in Deere & Company's proof of claim 24.

(5)     The fifth such claim (account 2656, "Claim E") is evidenced by a purchase money loan contract primarily secured by a duly perfected purchase money security interest in a MacDon Model FD-135 platform (serial number 400064-21). The unpaid balance of Claim E as of the petition date is $ $37,620.13, all as evidenced by and more fully described in Deere & Company's proof of claim 25.

(6)     The sixth such claim (account 0720-000, "Claim F") is for excess hours and wear arising under a lease of equipment which expired pre-petition. The unpaid balance of Claim F as of the petition date is $7,103.02, all as evidenced by and more fully described in Deere Credit, Inc.'s proof of claim 26.

(7)     The seventh such claim (account 5835-000, "Claim G") is for excess wear arising under a lease of equipment which

3

expired pre-petition. The unpaid balance of Claim G as of the petition date is $824.04, all as evidenced by and more fully described in Deere Credit, Inc.'s proof of claim 27.

(8)     The eighth such claim (account 6020, "Claim H") is for amounts owed on a commercial revolving account. The unpaid balance of Claim H as of the petition date is $13,602.59, all as evidenced by and more fully described in John Deere Financial, f.s.b.'s proof of claim 28.

(9)     The ninth such claim (account 8980, "Claim I") is for amounts owed on a second commercial revolving account. The unpaid balance of Claim I as of the petition date is $32,220.68, all as evidenced by and more fully described in John Deere Financial, f.s.b.'s proof of claim 29.

(10)    All of the collateral described in Paragraphs (1) through (5) above is referred to in this Agreed Order collectively as the "Equipment". All of the claims described in Paragraphs (1) through (9) above are referred to in this Agreed Order collectively as the "Claims".

(11)    The amounts of the Claims set forth above do not include post-petition interest, costs of collection, attorneys' fees, or similar expenses incurred by the John Deere Creditors and provided for in the contracts and leases evidencing the Claims.

4

(12)        The John Deere Creditors are affiliated entities. The contracts evidencing Claims A through E contain cross-collateral provisions, such that all of the Equipment secures payment of all of the Claims.

(13)        The Debtors own no equity in the Equipment for the benefit of the estate.

(14)        Good cause exists for the relief granted.

IT IS THEREFORE ORDERED AS FOLLOWS:

(A)        <u>Surrendered Equipment</u>. All of the Equipment except the John Deere Model 450M round baler described in Paragraph (3) above (collectively, the "Surrendered Equipment") is hereby surrendered by the Debtors. The Debtors shall promptly put Deere & Company into actual possession of the Surrendered Equipment. The Surrendered Equipment is hereby abandoned from the estate, and the automatic stay arising under 11 U.S.C. § 362 is hereby terminated as to the Surrendered Equipment so that Deere & Company may proceed with enforcement of its security interests under applicable nonbankruptcy law. Proceeds of disposition of the Surrendered Equipment shall be applied by the John Deere Creditors to such Claims and in such amounts and allocations as they may determine at their discretion. The John Deere Creditors shall account for the application of such proceeds by filing amended proofs of claim, which, except as provided in Paragraph (B) below, shall be paid on

5

the same terms as all other allowed general unsecured claims. The
14-day stay arising under Rule 4001(a)(3) of the Federal Rules of
Bankruptcy Procedure is hereby waived as to the Surrendered
Equipment.

(B)     Retained Equipment. The Debtors shall retain the
John Deere Model 450M round baler described in Paragraph (3) above
(the "Retained Equipment") and shall pay its replacement value,
$39,600.00, through the Plan with interest from June 12, 2025 at
the rate of 8.00 percent per annum, in 5 equal annual installments
payable on December 1 of 2026, 2027, 2028, 2029, and 2030. Such
payments shall be applied to Claim C until Claim C has been paid
in full, and thereafter to such of the remaining Claims in such
amounts and allocations as the John Deere Creditors may determine
at their discretion.

(C)     Retention of Liens. Payment of the Claims shall be
and remain secured by Deere & Company's pre-petition duly perfected
first priority purchase money security interests in the Equipment.
Deere & Company shall retain its liens in all of the Equipment.
However, notwithstanding any provision to the contrary in
Paragraphs (12) or (B) above, upon payment in full of the amount
of $39,600.00 with interest as provided in Paragraph (B), Deere &
Company shall release its lien on the Retained Equipment.

6

(D)    <u>Insurance and Maintenance</u>. From time to time as reasonably requested by Deere & Company the Debtors shall furnish proof of paid insurance against loss of and damage to the Retained Equipment and naming Deere & Company as lienholder and loss payee and otherwise complying with the insurance requirements of the contract evidencing Claim C. The Debtors will cause the Retained Equipment to be maintained and repaired in accordance with the requirements of the contract evidencing Claim C.

(E)    <u>Default</u>. In the event that the Debtors default by failing to fully and timely comply with any provision of this Agreed Order, and in the further event of the Debtors' failure to cure such default within 14 days from the date of written notice thereof to the Debtors' attorney of record, then the Retained Equipment shall stand abandoned from the bankruptcy estate and the automatic stay arising under 11 U.S.C. § 362 shall stand terminated as to the Retained Equipment and to Deere & Company, all without necessity of further notice or order of the Court, and Deere & Company shall then be free to proceed with enforcement of its security interest in the Retained Equipment under applicable nonbankruptcy law. In the event of termination of the automatic stay under this Paragraph (E), the 14-day stay arising under Rule 4001(a) of the Federal Rules of Bankruptcy Procedure shall stand waived.

(F)     <u>Modification of Plan</u>.  The Plan is hereby modified by incorporating into the Plan all of the terms and provisions of this Agreed Order. In the event of any conflict between any term or provision of this Agreed Order and any term or provision of the Plan or of any order confirming the Plan, the terms and provisions of this Agreed Order shall control with respect to the John Deere Creditors. The Debtor shall not file, or cause to be filed, any amended plan or agree to any further modification of the Plan which is any way inconsistent with this Agreed Order unless the John Deere Creditors expressly consent in writing to such inconsistent provision.

(G)     <u>Immediate Effect</u>.  This Agreed Order is effective upon entry, and the Debtors' obligations to perform under this Agreed Order are not contingent upon confirmation of the Plan.

## END OF ORDER ##

APPROVED AND AGREED AS TO CONTENT AND FORM:

/s/ Thomas C. Rollins, Jr.
THOMAS C. ROLLINS, JR.
Bar Number 103469
The Rollins Law Firm
P. O. Box 13767
Jackson, MS 39236
Tel. (601) 500-5333
trollins@therollinsfirm.com

/s/ Justin B. Jones
JUSTIN B. JONES
Bar Number 103295
Attorney for Chapter 12 Trustee
Post Office Box 4476
Jackson, Mississippi 39296-4476
(601) 362-6161
jjones@hbarkley13.com

/s/ Les Alvis
LES ALVIS
Bar Number 1548
Attorney for John Deere Creditors
P. O. Box 1836
Tupelo, MS 38802-1836
Tel. (662) 842-8945
lalvis@rccalaw.com

8

**Payment Schedule of Jerry Wayne & Nancy Sue McLarty 25-11845-SDM**

| | |
|---|---|
| December 1, 2026 | $ 222,111.14 |
| December 1, 2027 | $ 222,111.14 |
| December 1, 2028 | $ 206,499.45 |
| December 1, 2029 | $ 206,082.51 |
| December 1, 2030 | $ 206,082.51 |

## Calculation of payment

CNH – $ 23,634.09 Annual
Farm Credit/Ag Direct - $ 3,079.06 Annual
Guaranty Bank - $ 8,321.67 Annual
Guaranty Bank - $ 7,263.24 Annual
Guaranty Bank - $ 7,481.58 Annual
Guaranty Bank - $ 22,207.18 Annual
DLL Finance - $ 4,765.69 Annual
Simplot - $ 54,229.44 Annual
Deere - $9,918.08 Annual
Unsecured Creditors - $59,000.00 Annual
Trustee Compensation/Expense - $ 22,211.11  December 2026-2027
Trustee Compensation/Expense – $ 6,599.42 December 2028
Trustee Compensation/Expense - $ 6,182.48  December 2029-2030

**EXHIBIT "B"**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **JERRY WAYNE MCLARTY**                    Case No. 25-11845-SDM
**NANCY SUE MCLARTY, Debtors**                    Chapter 12

**AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 12**

**GENERAL PROVISIONS**

1.      This Amended Chapter 12 Plan of Reorganization (the "Plan") is proposed by the
Debtors, Jerry Wayne McLarty and Nancy Sue McLarty ("Debtors"), pursuant to Chapter 12 of
Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors filed their voluntary
petition on June 12, 2025. The Debtors are family farmers engaged in agricultural operations and
seek to reorganize their financial affairs through this Plan. Unless otherwise specified, all
payments shall be made annually to the Chapter 12 Trustee, commencing upon confirmation of
this Plan and continuing for a total term of sixty (60) months. The Debtors shall commence
annual plan payments to the Trustee in December 1, 2026, and shall continue making such
payments annually thereafter for a total of five (5) years.  All payments to secured and unsecured
creditors shall be made by the Trustee from plan payments, except that real estate obligations
will be paid directly by the Debtors. Upon completion of all plan payments, the Debtors shall
receive a discharge of all dischargeable debts pursuant to 11 U.S.C. § 1228.

2.      The Effective Date of this Plan shall be the fourteenth (14th) day after entry of the
Order Confirming Plan, unless a stay pending appeal is in effect, or such other date as the Court
may specify. No payments shall be due or distributions made under this Plan until the Effective
Date. All rights, duties, and obligations of the Debtors and creditors under this Plan shall vest
and become binding as of the Effective Date.

**EXHIBIT "C"**

3.     The Debtors will fund this Plan through income generated from ongoing farming

operations, including the production and sale of crops and related agricultural activities. The

Debtors' projected income and expenses reflect sufficient cash flow to make the annual

payments proposed herein. All plan payments required to be made through the Chapter 12

Trustee shall be derived from this income.  If additional funds become available from asset sales

or insurance proceeds, such funds may be applied to accelerate payments to the Trustee or to

satisfy secured claims, subject to Court approval.

## LIQUIDATION ANALYSIS

4.     With respect to the Debtors' farm and related equipment, the Debtors note that

current market conditions for used agricultural machinery are extremely unfavorable. A

combination of factors, many entirely outside the Debtors' control, has driven resale prices well

below historical averages. These factors include a surplus of used equipment caused by weather-

related crop losses in several regions, reduced access to foreign markets following international

trade restrictions, ongoing uncertainty in federal farm support programs, and the continued

shortage of skilled agricultural labor. Recent auction results across the Southeast have reflected

steeply discounted sale prices, with many assets bringing far less than their appraised or

scheduled values. Based on these market trends, the Debtors believe that, in a forced liquidation

scenario, the farm and farm-related equipment would likely realize no more than sixty percent

(60%) of the values assigned to such assets in the schedules.

## CLASSIFICATION OF CLAIMS

5.     Pursuant to 11 U.S.C. § 1222(b)(1), claims are classified as set forth below.

Administrative, secured, and unsecured claims are separated into distinct classes, and each class

shall receive the treatment described below.

## TREATMENT OF CLAIMS

The following classes of claims are designated for treatment under this Plan. Each class shall receive the treatment set forth below.  Unless otherwise provided herein, each secured creditor shall retain its lien on collateral securing its allowed claim until the secured portion of the claim has been paid in full. The value of collateral is determined as of the petition date or by agreement of the parties. Unless otherwise specified, interest shall accrue at the rate of eight percent (8%) per annum. All payments to secured creditors under this Plan shall satisfy the requirements of 11 U.S.C. § 1225(a)(5).  A summary and projected plan payment calculation are attached as Exhibit "A".

**Class 1 – Priority Claims.**  Class 1 consists of all allowed priority claims entitled to priority under 11 U.S.C. § 507(a), excluding administrative expenses classified separately. Any allowed priority tax claims under § 507(a)(8) shall be paid in full, without interest, through the Trustee within the term of the Plan, unless otherwise agreed in writing with the taxing authority. If there are no such claims, this class shall be deemed satisfied in full and receive no distribution. All capital gains taxes resulting from the sale of real and person property shall be placed in the General Unsecured Creditors class.

**Class 2 – Administrative Claims.**  Class 2 consists of all administrative expenses entitled to priority under 11 U.S.C. § 507(a)(2), including the statutory commission of the Standing Chapter 12 Trustee and the approved fees and expenses of counsel for the Debtors. Debtors' counsel shall be paid by the Trustee from plan payments prior to any distributions to unsecured creditors, in the amount allowed by the Court upon application.

**Class 3 – Bobby and Linda Gunder.**  Class 3 consists of the claim of Bobby and Linda Gunder secured by real property of the Debtors. The obligation shall continue according to its

pre-petition terms and shall be paid directly by the Debtors; the lien shall remain until paid in full under the original contract.

**Class 4 – Community Bank (POC 11).** Class 4 consists of the claim of Community Bank secured by real property. The obligation shall continue according to its pre-petition terms and shall be paid directly by the Debtors; the lien shall remain until paid in full under the original contract.

**Class 5 – Community Bank (POC 12).** Class 5 consists of the claim of Community Bank secured by additional real property. The obligation shall continue according to its pre-petition terms and shall be paid directly by the Debtors; the lien shall remain until paid in full under the original contract.

**Class 6 – CNH Industrial Capital (POC 4 – Vector RBR Spreader).** Class 6 consists of the secured claim of CNH Industrial Capital, evidenced by Proof of Claim No. 4, and secured by a Vector RBR Spreader. The Debtors shall surrender the collateral to the creditor, and upon relief from stay the creditor may liquidate the collateral according to applicable non-bankruptcy law; any allowed deficiency shall be treated as a general unsecured claim under Class 25. The lien shall be deemed satisfied upon surrender as to the collateral itself.

**Class 7 – CNH Industrial Capital (POC 4 – Jaylor 5575 Mixer).** Class 7 consists of the secured claim of CNH Industrial Capital, evidenced by Proof of Claim No. 4, and secured by a Jaylor 5575 Mixer. The Debtors shall surrender the collateral to the creditor, and upon relief from stay the creditor may liquidate the collateral according to applicable non-bankruptcy law; any allowed deficiency shall be treated as a general unsecured claim under Class 25. The lien shall be deemed satisfied upon surrender as to the collateral itself.

**Class 8 – CNH Industrial Capital (POC 5 – Case IH 100C Farmall Tractor).** Class 8 consists of the claim of CNH Industrial Capital, evidenced by Proof of Claim No. 5, secured by a Case IH 100C Farmall Tractor. The Debtors shall pay the secured value of $94,500.00 with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; any remaining balance of the claim shall be treated as a general unsecured claim under Class 25. The creditor shall retain its lien until the secured portion is paid in full.

**Class 9 – Farm Credit/AgDirect (POC 9 – John Deere Tractor).** Class 9 consists of the claim of Farm Credit/AgDirect, evidenced by Proof of Claim No. 9, secured by a John Deere tractor. The Debtors shall pay the allowed secured claim in full with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; the lien shall remain until paid in full.

**Class 10 – Guaranty Bank (POC 13 – Grain Trailer).** Class 10 consists of the claim of Guaranty Bank, evidenced by Proof of Claim No. 13, secured by a grain trailer. The Debtors shall pay the secured value of $33,226.00 with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; any remaining balance of the claim shall be treated as a general unsecured claim under Class 25. The creditor shall retain its lien until the secured portion is paid in full.

**Class 11 – Guaranty Bank (POC 14 – Backhoe Loader).** Class 11 consists of the claim of Guaranty Bank, evidenced by Proof of Claim No. 14, secured by a backhoe loader. The Debtors shall pay the secured value of $29,000.00 with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; any remaining balance of the claim shall be treated as a general unsecured claim under Class 25. The creditor shall retain its lien until the secured portion is paid in full.

(

**Class 12 – Guaranty Bank (POC 15 – Peterbilt Truck).** Class 12 consists of the claim of Guaranty Bank, evidenced by Proof of Claim No. 15, secured by a Peterbilt truck. The Debtors shall pay the allowed secured claim in full with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; the lien shall remain until paid in full.

**Class 13 – Guaranty Bank (POC 16 – John Deere Excavator).** Class 13 consists of the claim of Guaranty Bank, evidenced by Proof of Claim No. 16, secured by a John Deere excavator. The Debtors shall pay the allowed secured claim in full with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; the lien shall remain until paid in full.

**Class 14 – DLL Finance (POC 18 – Krone Disk Mower).** Class 14 consists of the claim of DLL Finance, evidenced by Proof of Claim No. 18, secured by a Krone disk mower. The Debtors shall pay the secured value of $19,028.00 with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; any remaining balance of the claim shall be treated as a general unsecured claim under Class 25. The creditor shall retain its lien until the secured portion is paid in full.

**Class 15 – Simplot (POC 20 – Equipment/Cash/Crops).** Class 15 consists of the secured claim of Simplot, evidenced by Proof of Claim No. 20, secured by equipment, cash, and crops. The Debtors shall pay the allowed secured claim in full with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; the lien shall remain until paid in full.

**Class 16 – Deere & Company (POC 21 – 12-Row Non-Chopping Corn Head).** Class 16 consists of the claim of Deere & Company, evidenced by Proof of Claim No. 21, secured by a 12-row non-chopping corn head. The Debtors shall surrender the collateral to the creditor, and

upon relief from stay the creditor may liquidate the collateral according to applicable non-bankruptcy law; any allowed deficiency shall be treated as a general unsecured claim under Class 25. The lien shall be deemed satisfied upon surrender as to the collateral itself.

**Class 17 – Deere & Company (POC 22 – S680 STS Combine).**  Class 17 consists of the claim of Deere & Company, evidenced by Proof of Claim No. 22, secured by an S680 STS combine. The Debtors shall surrender the collateral to the creditor, and upon relief from stay the creditor may liquidate the collateral according to applicable non-bankruptcy law; any allowed deficiency shall be treated as a general unsecured claim under Class 25. The lien shall be deemed satisfied upon surrender as to the collateral itself.

**Class 18 – Deere & Company (POC 23 – 450M Round Baler).**  Class 18 consists of the claim of Deere & Company, evidenced by Proof of Claim No. 23, secured by a 450M round baler. The Debtors shall pay the allowed secured claim (amount owed) with interest at eight percent (8%) per annum in five (5) equal annual installments through the Trustee; the lien shall remain until paid in full.

**Class 19 – Deere & Company (POC 24 – 882 Wagons).**  Class 19 consists of the claim of Deere & Company, evidenced by Proof of Claim No. 24, secured by 882 wagons. The Debtors shall surrender the collateral to the creditor, and upon relief from stay the creditor may liquidate the collateral according to applicable non-bankruptcy law; any allowed deficiency shall be treated as a general unsecured claim under Class 25. The lien shall be deemed satisfied upon surrender as to the collateral itself.

**Class 20 – Deere & Company (POC 25 – MacDon Header).**  Class 20 consists of the claim of Deere & Company, evidenced by Proof of Claim No. 25, secured by a MacDon header. The Debtors shall surrender the collateral to the creditor, and upon relief from stay the creditor

may liquidate the collateral according to applicable non-bankruptcy law; any allowed deficiency

shall be treated as a general unsecured claim under Class 24. The lien shall be deemed satisfied

upon surrender as to the collateral itself.

**Class 21 – Deere & Company (POC 28 – Cross-Collateralized Equipment).** Class 21

consists of the claim of Deere & Company, evidenced by Proof of Claim No. 28, in the amount

of $13,602.59, cross-collateralized with other debts. The Debtors shall surrender the collateral to

the creditor, and upon relief from stay the creditor may liquidate the collateral according to

applicable non-bankruptcy law; any allowed deficiency shall be treated as a general unsecured

claim under Class 25. The lien shall be deemed satisfied upon surrender as to the collateral itself.

**Class 22 – Deere & Company (POC 29 – Cross-Collateralized Equipment; residual**

**value on 450M Round Baler).** Class 22 consists of the claim of Deere & Company, evidenced

by Proof of Claim No. 29, cross-collateralized with other debts. The Debtors shall pay, as the

secured portion, the remaining value allocable to the 450M Round Baler of $10,739.85 with

interest at eight percent (8%) per annum in five (5) equal annual installments through the

Trustee; the remainder of the claim shall be treated as a general unsecured claim under Class 25.

The creditor shall retain its lien until the secured portion is paid in full.

**Class 23 – Deere & Company (POC 26 – Cross-Collateralized Equipment).** Class 23

consists of the claim of Deere & Company, evidenced by Proof of Claim No. 26, in the amount

of $7,103.02, cross-collateralized with other debts. The Debtors shall surrender the collateral to

the creditor, and upon relief from stay the creditor may liquidate the collateral according to

applicable non-bankruptcy law; any allowed deficiency shall be treated as a general unsecured

claim under Class 25. The lien shall be deemed satisfied upon surrender as to the collateral itself.

**Class 24 – Deere & Company (POC 26 – Additional Cross-Collateralized Debt).**
Class 24 consists of the remaining Deere & Company secured claim, evidenced by Proof of
Claim No. 26, in the amount of $824.04, cross-collateralized with other debts. The Debtors shall
surrender the collateral to the creditor, and upon relief from stay the creditor may liquidate the
collateral according to applicable non-bankruptcy law; any allowed deficiency shall be treated as
a general unsecured claim under Class 25. The lien shall be deemed satisfied upon surrender as
to the collateral itself.

**Class 25 – General Unsecured Creditors.** Class 25 consists of all allowed general
unsecured claims, including the unsecured portions of undersecured claims from other classes.
The Debtors shall pay to the Trustee the aggregate sum of $295,000.00, without interest, in five
(5) equal annual installments for pro rata distribution to allowed unsecured claims, after payment
of administrative expenses and the Trustee's commission. The class includes, inter alia, the
unsecured claims scheduled for Trustmark, Capital/Chase cards, Helena Agri-Enterprises,
Altus/PHI, and Rabo Agri, and any allowed deficiencies arising from surrendered collateral as
provided above.

## EXECUTORY CONTRACTS AND LEASES

6.      The Debtors will assume their existing land leases with Brandon Fowlkes and
George Holdings, LP, as they are necessary to the continued operation of the farming enterprise.
All other executory contracts or leases not expressly assumed are rejected as of the confirmation
date.

## VESTING OF PROPERTY

7.      Upon confirmation of this Plan, all property of the estate shall remain property of
the estate and revest in the Debtors upon discharge, dismissal, or conversion, whichever occurs

first. Until such time, the Debtors shall remain in possession of all property and shall continue to operate their farming business in the ordinary course.

## FEASIBILITY OF THE PLAN

8.  The Debtors believe that this Plan is feasible. The projected income from farming operations and related activities will provide sufficient cash flow to make the payments proposed herein. The liquidation analysis demonstrates that unsecured creditors will receive at least as much under this Plan as they would in a Chapter 7 liquidation.

## DEFAULT AND REMEDIES

9.  In the event the Debtors fail to make any payment required under this Plan within thirty (30) days of the due date, the Trustee or any affected creditor may provide written notice of default. If the Debtors fail to cure such default within ten (10) days after receipt of notice, the affected creditor may seek relief from the automatic stay without further hearing.

## MODIFICATION OF THE PLAN

10.  The Debtors may modify this Plan before confirmation pursuant to 11 U.S.C. § 1223, or after confirmation pursuant to 11 U.S.C. § 1229. No modification shall be effective unless approved by the Court after notice and hearing.

## EFFECT OF CONFIRMATION

11.  Upon confirmation of this Plan, the provisions herein shall bind the Debtors and all creditors, whether or not a creditor has accepted or rejected the Plan. All property of the estate shall vest in the Debtors free and clear of all claims and interests except as provided in this Plan or the confirmation order.

## RETENTION OF JURISDICTION

Following confirmation, the Bankruptcy Court shall retain jurisdiction to the fullest extent permitted by law for the purpose of:

1. Determining all controversies and disputes arising under or in connection with this Plan;

2. Hearing and resolving any objections to claims;

3. Considering and approving any modification of this Plan;

4. Enforcing and interpreting the provisions of this Plan and the confirmation order;

5. Entering a final decree closing the case; and

6. Determining any disputes regarding the rights, duties, or obligations of any party affected by this Plan.

Respectfully submitted,

By:   /s/ Thomas C. Rollins, Jr.
      Thomas C. Rollins, Jr. (MSBN 103469)
      The Rollins Law Firm
      P.O. Box 13767
      Jackson, MS 39236
      601.500.5333
      trollins@therollinsfirm.com
      Attorney for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   **JERRY WAYNE MCLARTY**                     Case No. 25-11845-SDM
**NANCY SUE MCLARTY, Debtors**                Chapter 12

### Exhibit A

| Class | Creditor / Collateral | Secured Principal | Interest (8%) | Annual Payment (5 yrs) | Notes |
|---|---|---|---|---|---|
| 8 | CNH – Case IH 100C Farmall Tractor | $94,500.00 | 8% | $23,668.13 | Through Trustee |
| 9 | Farm Credit/AgDirect – John Deere Tractor | $12,293.78 | 8% | $3,079.06 | Through Trustee |
| 10 | Guaranty Bank – Grain Trailer | $33,226.00 | 8% | $8,321.67 | Through Trustee |
| 11 | Guaranty Bank – Backhoe Loader | $29,000.00 | 8% | $7,263.24 | Through Trustee |
| 12 | Guaranty Bank – Peterbilt Truck | $29,871.79 | 8% | $7,481.58 | Through Trustee |
| 13 | Guaranty Bank – John Deere Excavator | $88,666.84 | 8% | $22,207.18 | Through Trustee |
| 14 | DLL Finance – Krone Disk Mower | $19,028.00 | 8% | $4,765.69 | Through Trustee |
| 15 | Simplot – Equipment/Cash/Crops | $216,522.42 | 8% | $54,229.44 | Through Trustee |
| 18 | Deere & Company – 450M Round Baler | $37,460.17 | 8% | $9,382.14 | Through Trustee |
| 22 | Deere & Company – Residual on 450M Baler | $10,739.85 | 8% | $2,689.86 | Through Trustee |
| — | **Subtotal – Secured Paid Through Trustee** | — | — | **$143,087.99** | — |
| 6, 7, 16, 17, 19–21, 23–24 | Surrendered Collateral | — | — | $0.00 | No payments; deficiencies to unsecureds |
| 25 | General Unsecured Creditors | $295,000.00 | — | $59,000.00 | Paid pro rata through Trustee |

| Description | Annual Amount | Five-Year Total |
|---|---|---|
| Total to Secured Creditors | $143,087.99 | $715,439.95 |
| Total to Unsecured Creditors | $59,000.00 | $295,000.00 |
| **Total Paid to Creditors** | $202,087.99 | $1,010,439.95 |
| Trustee Commission (10%) | $22,454.22 | $112,271.10 |
| **Total Annual Plan Payment to Trustee** | **$224,542.21** | **$1,122,711.05** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:     **JERRY WAYNE MCLARTY**     **Case No. 25-11845-SDM**
           **NANCY SUE MCLARTY, Debtors**     **Chapter 12**

<u>**Exhibit B**</u>

     Attached to this Plan are the Debtors' projected income and expense statements for twelve (12) months. These projections provide a summary of the Debtors' expected revenues from farming and related activities, together with estimated operating costs and other necessary expenditures. The projections are intended to demonstrate the feasibility of the Plan and the Debtors' ability to make the required annual payments to the Trustee.

## Profit/Loss Statements

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: July 2025 Projected

| | |
|---|---|
| Income Soc Sec 1,928 Ins Claim 527 | $ 2,455 |
| Did you withhold any earnings for tax purposes? ☒ No ☐ Yes: | $ |
| Average Monthly Business expenses: | $ |
| Rent and Utilities | $ 400.00 |
| Office Supplies | $ 441.65 |
| Product Supplies | $ 3,850.00 |
| Wages | $ 3,457.48 |
| Equipment Leases | $ — |
| Other Fed witholding | $ 1,241.42 |
| Other State withholding | $ 199.00 |
| Other Parts | $ 3,000.00 |
| Other Insurance - Life, Health | $ 911.59 |
| Other Insurance - Farm | $ 1,516.80 |
| Other Personal | $ 2,500.00 |
| Other Fuel | $ 2,000.00 |
| Other church donation | $ 400.00 |
| Other | $ |
| Other | $ |
| Total Monthly Income | $ 2,455. |
| Total Monthly Expenses | $ 19,917.14 |
| Average Profit (or Loss) | $ - 17,462.14 |

## Profit/Loss Statements

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: August 2025 Projected

| | |
|---|---|
| Income USDA - Disaster 80,763.30 Soc Sec 1,328 construction 12,500 | $ 94,591.30 |
| Did you withhold any earnings for tax purposes? ☒ No ☐ Yes: | $ |
| Average Monthly Business expenses: | $ |
| Rent and Utilities | $ 544.00 |
| Office Supplies | $ 100.00 |
| Product Supplies | $ |
| Wages | $ 6,034.90 |
| Equipment Leases | $ — |
| Other Fed withholding | $ 1,443.98 |
| Other state withholding | $ 208.00 |
| Other Parts | $ 3,000.00 |
| Other Household. Personal | $ 1,358.00 |
| Other Insurance-Health Life | $ 911.59 |
| Other Insurance - Farm | $ 1,516.00 |
| Other Fuel | $ 4,870.00 |
| Other Donation church | $ 406.00 |
| Other | $ |
| Other | $ |
| **Total Monthly Income** | $ 94,591.30 |
| **Total Monthly Expenses** | $ 20,405.77 |
| **Average Profit (or Loss)** | $ 77,185.53 |

## Profit/Loss Statements

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _September 2025 Projected_

| | |
|---|---|
| Income  Crop Insurance  58,406  Soc Sec 1,928  Hay 9,000 | $ 66,334 |
| Did you withhold any earnings for tax purposes? ☒ No  ☐ Yes: | $ _____ |
| Average Monthly Business expenses: | $ _____ |
|    Rent and Utilities | $ 506.00 |
|    Office Supplies | $ — |
|    Product Supplies | $ 1,468.00 |
|    Wages | $ 4,657.00 |
|    Equipment Leases | $ — |
|    Other Fed withholding | $ 1,694.00 |
|    Other State withholding | $ 239.00 |
|    Other parts | $ 2,810.00 |
|    Other Insurance- Health, Life | $ 911.59 |
|    Other Insurance - Farm | $ 1,516.00 |
|    Other Tag 96 Pete, Lowboy Trailer | $ 1,518.00 |
|    Other Church Donation | $ 400.00 |
|    Other Personal | $ 3,000.00 |
|    Other _____ | $ _____ |
|    Other _____ | $ _____ |
| Total Monthly Income | $ 66,334. |
| Total Monthly Expenses | $ 18,719.59 |
| Average Profit (or Loss) | $ 47,614.41 |

# Profit/Loss Statements

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _October Projected 2025_

| | |
|---|---|
| Income  Construction 4,500 SYB crop 55,998  Soc.Sec. 1,938  ARC 4,766 | $ 67,198 |
| Did you withhold any earnings for tax purposes? ☒No ☐ Yes: | $ _____ |
| Average Monthly Business expenses: | $ _____ |
| Rent and Utilities | $ 438.00 |
| Office Supplies | $ — |
| Product Supplies | $ 500.00 |
| Wages | $ 5,769.00 |
| Equipment Leases | $ _____ |
| Other _Fed withholding_ | $ 1,290.00 |
| Other _state withholding_ | $ 180.00 |
| Other _Parts_ | $ 5,275.00 |
| Other _Fuel_ | $ 7,480.00 |
| Other _Insurance - Health, Life_ | $ 911.59 |
| Other _Insurance - Farm_ | $ 1,516.00 |
| Other _Tires_ | $ 360.00 |
| Other _Personal_ | $ 3,365.00 |
| Other _church donation_ | $ 400.00 |
| Other _____ | $ _____ |
| **Total Monthly Income** | $ 67,198 |
| **Total Monthly Expenses** | $ 27,484.59 |
| **Average Profit (or Loss)** | $ 39,707.41 |

## Profit/Loss Statements

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _November 2025    Projected_

| | |
|---|---|
| Income    Hay 3,880<br>Soc Sec 1,928    Construction 5,000 | $ 10,808 |
| Did you withhold any earnings for tax purposes? ☒ No<br>☐ Yes: | $ |
| Average Monthly Business expenses: | $ |
| Rent and Utilities | $ 258.00 |
| Office Supplies | $ |
| Product Supplies | $ |
| Wages | $ 5,830. |
| Equipment Leases | $ — |
| Other _Fed withholding_ | $ 2,151. |
| Other _State withholding_ | $ 276. |
| Other _Land Purchase_ | $ 38,160. |
| Other _Parts_ | $ 2,000. |
| Other _Insurance · Life, Health_ | $ 911.59 |
| Other _Insurance · Farm_ | $ 1,516.00 |
| Other _Fuel_ | $ 1,300.00 |
| Other _Personal_ | $ 2,000.00 |
| Other _____ | $ |
| Other _____ | $ |
| **Total Monthly Income** | $ 10,808. |
| **Total Monthly Expenses** | $ 54,404.59 |
| **Average Profit (or Loss)** | $ − 49,596.59 |

## Profit/Loss Statements

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _December 2025   Projected_

| | |
|---|---|
| Income  Nan Mc Farms  110,500  McCarty F  39,374.70  Soc Sec 1,928  USDA Disaster Relief | $ 151,802.70 |
| Did you withhold any earnings for tax purposes? ☒No  ☐ Yes: | $ _____ |
| Average Monthly Business expenses: | $ _____ |
| Rent and Utilities | $ 647.00 |
| Office Supplies | $ _____ |
| Product Supplies | $ 100.00 |
| Wages | $ 4,000.00 |
| Equipment Leases | $ _____ |
| Other Fed withholding | $ 1,615.00 |
| Other state withholding | $ 224.00 |
| Other chemicals | $ 5,400.00 |
| Other Dirt Gravel | $ 848.00 |
| Other Seed, fertilize | $ 20,000.00 |
| Other Insurance - Life, Health | $ 911.59 |
| Other Insurance - Farm | $ 1,516.00 |
| Other Parts | $ 1,000.00 |
| Other Property Taxes Farm 1 | $ 2,190.00 |
| Other Property Taxes Farm 2 | $ 706.00 |
| Total Monthly Income | $ _____ |
| Total Monthly Expenses | $ 39,157.59 |
| Average Profit (or Loss) | $ _____ |

Document    Page 20 of 25

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: January 2026 projected

| Income | Hay 900 Soc Sec 1,928 Construction 10,000 | $ 12,828 |
|---|---|---|
| Did you withhold any earnings for tax purposes? ☒ No ☐ Yes: | | $ |
| Average Monthly Business expenses: | | $ |
| Rent and Utilities | | $ 512.00 |
| Office Supplies | | $ 100.00 |
| Product Supplies | | $ |
| Wages | | $ 4,051.53 |
| Equipment Leases | | $ |
| Other Fed withholding | | $ 1,398.26 |
| Other State withholding | | $ 186. |
| Other Parts | | $ 3,054. |
| Other Farm Lease | | $ 3,000. |
| Other Fuel | | $ 3,000 |
| Other Insurance - Life, Health | | $ 911.59 |
| Other Insurance - Farm | | $ 1,516 |
| Other Household / Personal | | $ 1,560 |
| Other church Donation | | $ 400. |
| Other | | $ |
| Total Monthly Income | | $ 12,828. |
| Total Monthly Expenses | | $ 19,629.38 |
| Average Profit (or Loss) | | $ |

Document    Page 21 of 25

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _February 2026 Projected_

| | |
|---|---|
| Income Soc. Sec. 1928 Hay 1050 const. 7,000 | $ 9,978 |
| Did you withhold any earnings for tax purposes? ☑No ☐ Yes: | $ _____ |
| Average Monthly Business expenses: | $ _____ |
| Rent and Utilities | $ 386. |
| Office Supplies | $ _____ |
| Product Supplies | $ _____ |
| Wages | $ 4,389 18 |
| Equipment Leases | $ _____ |
| Other Fed withholding | $ 1,075.94 |
| Other state withholding | $ 156. |
| Other Parts | $ 2,000. |
| Other Repairs | $ 300. |
| Other Insurance - Life Health | $ 911 59 |
| Other Insurance - Farm | $ 1,516. |
| Other Personal | $ 1,500. |
| Other Fuel | $ 2,000. |
| Other church donation | $ 400. |
| Other | $ _____ |
| Total Monthly Income | $ 9,978.00 |
| Total Monthly Expenses | $ 14,634.71 |
| Average Profit (or Loss) | $ _____ |

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _March 2026 Projected_

| | | |
|---|---|---|
| Income  ARC- USDA  6,808<br>Soc. Sec 1,928  Hay 1,330 Const 10,000 | $ | _20,066_ |
| Did you withhold any earnings for tax purposes? ☒ No<br>☐ Yes: | $ | |
| Average Monthly Business expenses: | $ | |
| Rent and Utilities | $ | _715.00_ |
| Office Supplies | $ | |
| Product Supplies | $ | _400.00_ |
| Wages | $ | _4,389.00_ |
| Equipment Leases | $ | |
| Other _Fed withholding_ | $ | _1,075.94_ |
| Other _State withholding_ | $ | _156.20_ |
| Other _Parts_ | $ | _3,300.00_ |
| Other _Insurance- Life, Health_ | $ | _911.59_ |
| Other _Insurance - Farm_ | $ | _1,516.00_ |
| Other _Personal_ | $ | _1,600.00_ |
| Other _Fuel_ | $ | _2,700.00_ |
| Other _church donation_ | $ | _400.00_ |
| Other _____ | $ | |
| Other _____ | $ | |
| **Total Monthly Income** | $ | |
| **Total Monthly Expenses** | $ | _17,163.73_ |
| **Average Profit (or Loss)** | $ | |

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _April 2026 projected_

| Income | Soc Sec 1,928    Hay 1,330  Construction: 15,000 | $ 18,258 |
|---|---|---|
| Did you withhold any earnings for tax purposes? ☒ No  ☐ Yes: | | $ |
| Average Monthly Business expenses: | | $ |
| | Rent and Utilities | $ 500.00 |
| | Office Supplies | $ 300.00 |
| | Product Supplies  Fertilize, chemical, seed | $ |
| | Wages | $ 7,373.41 |
| | Equipment Leases | $ |
| | Other _Fed withholding_ | $ 1,193.04 |
| | Other _State withholding_ | $ 163.00 |
| | Other _Parts_ | $ 3,500.00 |
| | Other _Household / Personal_ | $ 2,500.00 |
| | Other _Insurance - Life, Health_ | $ 911.59 |
| | Other _Insurance - Farm_ | $ 1,516.00 |
| | Other _Fuel_ | $ 1,500.00 |
| | Other _church donation_ | $ 400.00 |
| | Other _____ | $ |
| | Other _____ | $ |
| **Total Monthly Income** | | $ |
| **Total Monthly Expenses** | | $ 19,857.04 |
| **Average Profit (or Loss)** | | $ |

Payment on Houston Farm  28,263.66  ⎫
Payment on 2nd Houston Farm  62,303.47  ⎬ Community Bank

Fertilize, chemicals, seed  $60,000

Case 25-11845-SDM    Doc 37    Filed 11/07/25    Entered 11/07/25 09:49:01    Desc Main
Document    Page 24 of 25

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: _May 2026 Projected_

| | |
|---|---|
| Income  Hay 900 Soc. Sec. 1,928  construction 10,000 | $ _12,828._ |
| Did you withhold any earnings for tax purposes? ☒ No ☐ Yes: | $ _____ |
| Average Monthly Business expenses: | $ _____ |
| Rent and Utilities | $ _500.00_ |
| Office Supplies | $ _____ |
| Product Supplies | $ _1,510.00_ |
| Wages | $ _5,396.86_ |
| Equipment Leases | $ _____ |
| Other _Fed withholding_ | $ _1,193.04_ |
| Other _state withholding_ | $ _174.90_ |
| Other _Parts_ | $ _1,600.00_ |
| Other _Household/ Personal_ | $ _2,000.00_ |
| Other _Insurance - Health, Life_ | $ _911.59_ |
| Other _Insurance - Farm_ | $ _1,516.00_ |
| Other _Fuel_ | $ _3,000.00_ |
| Other _Repairs_ | $ _1,675.00_ |
| Other _church_ | $ _400.00_ |
| Other _____ | $ _____ |
| **Total Monthly Income** | $ _____ |
| **Total Monthly Expenses** | $ _19,877.39_ |
| **Average Profit (or Loss)** | $ _____ |

Payment on Aberdeen Farm #38,160
Bobby Gunter

## Profit/Loss Statements

We will need this page filled out for each individual month for the last 6 months.
Check the "Which months paystubs do I need to provide to the Rollins Law Firm" to
know which months you will need to provide.

Month: June 2026 Projected

| | |
|---|---|
| Income  Soc Sec 6,928  construction 20,000 | $ 21,928 |
| Did you withhold any earnings for tax purposes? ☒ No ☐ Yes: | $ |
| Average Monthly Business expenses: | $ |
| Rent and Utilities | $ 463.60 |
| Office Supplies | $ |
| Product Supplies | $ |
| Wages | $ 4,531.79 |
| Equipment Leases | $ |
| Other Fed withholding | $ 1,463.61 |
| Other State withholding | $ 199.00 |
| Other Parts | $ 1,000.00 |
| Other Insurance - Life, Health | $ 911.59 |
| Other Insurance - Farm | $ 1,516.00 |
| Other Personal | $ 1,600.00 |
| Other Fuel | $ 2,500.00 |
| Other church | $ 400.00 |
| Other | $ |
| Other | $ |
| **Total Monthly Income** | $ |
| **Total Monthly Expenses** | $ 14,585.59 |
| **Average Profit (or Loss)** | $ |

United States Bankruptcy Court

Northern District of Mississippi

In re:                                                                                                          Case No. 25-11845-SDM

Jerry Wayne McLarty                                                                                    Chapter 12

Nancy Sue McLarty

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0537-1                                            User: autodocke                                            Page 1 of 3

Date Rcvd: Jan 06, 2026                                      Form ID: pdf0004                                      Total Noticed: 43

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 08, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Jerry Wayne McLarty, Nancy Sue McLarty, 20103 Old Hwy 8, Aberdeen, MS 39730-9534 |
| 4578093 | + | Altus Receivable Management, c/o PHI Financial, 2910 Westtown Pkwy, Ste 102, West Des Moines, IA 50266-1308 |
| 4557904 | | Bayer, P.O. Box 204070, Dallas, TX 75320-4070 |
| 4557905 | + | Bobby and Linda Gunter, 375 Acorn Dr, Roseburg, OR 97470-9873 |
| 4557906 | + | Brandon Fowlkes, 9135 Stoney Mountain Dr, Chattanooga, TN 37421-2095 |
| 4557908 | + | CNH Capital, Attn: Bankruptcy, 5323 N 99th Avenue, Glendale, AZ 85305-2201 |
| 4557909 | + | CNH Capital, P.O. Box 1700, New Holland, PA 17557-0917 |
| 4582674 | + | Carter Dobbs, Jr., Attorney for George Holdings, L.P., PO Box 517, Amory, MS 38821-0517 |
| 4574765 | + | Community Bank Mississippi, POB 270, Amory, MS 38821-0270 |
| 4557912 | | DLL Finance, LLC, P.O. Box 877122, Minneapolis, MN 55480-7702 |
| 4573922 | + | Deere & Company, c/o Les Alvis, Post Office Box 1836, Tupelo, MS 38802-1836 |
| 4573923 | + | Deere Credit, Inc., c/o Les Alvis, Post Office Box 1836, Tupelo, MS 38802-1836 |
| 4582673 | + | George Holdings, L.P., 1701 Hwy 25 N, Amory, MS 38821-8744 |
| 4582733 | + | George Holdings, L.P., c/o Carter Dobbs, Jr., Post Office Box 517, Amory, MS 38821-0517 |
| 4557914 | + | George Holdings, LP, 1701 Hwy 25 N, Amory, MS 38821-8744 |
| 4573255 | + | Guaranty Bank & Trust Company, c/o Ashley N. Lane, Post Office Box 901, Grenada, MS 38902-0901 |
| 4573256 | + | Guaranty Bank & Trust Company, c/o Jay Gore, III, Post Office Box 901, Grenada, MS 38902-0901 |
| 4577340 | + | Guaranty Bank and Trust Company, c/o Jay Gore, III, 2000 Gateway, Suite 160, Grenada, MS 38901-2842 |
| 4562828 | | Helena Agri-Enterprises, LLC, C/O Jim F. Spencer, Jr., Esq., Watkins & Eager PLLC, P.O. Box 650, Jackson, MS 39205-0650 |
| 4572989 | + | Helena Agri-Enterprises, LLC, c/o Jim F. Spencer, Jr., Watkins & Eager PLLC, P.O. Box 650, Jackson, MS 39205-0650 |
| 4562977 | | Helena Agri-Enterprises, LLC, C/O Erin A. McManus, Watkins & Eager PLLC, P.O. Box 650, Jackson, MS 39205-0650 |
| 4557916 | | Helena Finance, 445 Minnestora St, STe 1700, Saint Paul, MN 55101-3161 |
| 4577339 | + | Jay Gore, III, 2000 Gateway, Grenada, MS 38901-2842 |
| 4577349 | + | Jay Gore, III, 2000 Gateway, Suite 160, Grenada, MS 38901-2842 |
| 4573924 | + | John Deere Financial, c/o Les Alvis, Post Office Box 1836, Tupelo, MS 38802-1836 |
| 4557919 | | PHI Finance, P.O. Box 733260, Dallas, TX 75373-3260 |
| 4557920 | | Robo AgriFinance, P.O. Box 410650, Saint Louis, MO 63141-0650 |
| 4557921 | | Simplot, P.O. Box 27, Boise, ID 83707-0027 |
| 4578414 | + | Simplot AB Retail Inc DBA Simplot Grower Solutions, PO Box 27, Boise, ID 83707-0027 |

TOTAL: 29

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 4566784 | | Email/Text: nafaxhrbk@cnhind.com | Jan 06 2026 23:51:00 | CNH Industrial Capital America LLC, PO Box 63048, Newark, NJ 07101-8065 |
| 4557907 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jan 06 2026 23:54:15 | Capital One, Attn: Bankruptcy, P.O. Box 30285, Salt Lake City, UT 84130-0285 |
| 4567531 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jan 06 2026 23:54:18 | Capital One N.A., by AIS InfoSource LP as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 4561648 | | Email/Text: mrdiscen@discover.com | Jan 06 2026 23:50:00 | Capital One, N.A., successor by merger to Discover, P.O. Box 3025, New Albany, OH 43054-3025 |
| 4557910 | + | Email/Text: jill.johnson@communitybank.net | | |

District/off: 0537-1                                   User: autodocke                                   Page 2 of 3
Date Rcvd: Jan 06, 2026                               Form ID: pdf0004                                   Total Noticed: 43

| | | Jan 06 2026 23:51:00 | Community Bank, P.O. Box 270, Amory, MS 38821-0270 |
|---|---|---|---|
| 4562980 | + Email/Text: jtm@milamlawpa.com | | |
| | | Jan 06 2026 23:50:00 | Community Bank, c/o James T. Milam, 300 S. Spring St., Tupelo, MS 38804-4822 |
| 4557917 | Email/Text: litbkcourtmail@johndeere.com | | |
| | | Jan 06 2026 23:50:00 | John Deere Financial, P.O. Box 650215, Dallas, TX 75265 |
| 4557911 | + Email/Text: mrdiscen@discover.com | | |
| | | Jan 06 2026 23:50:00 | Discover Financial, Attn: Bankruptcy, Po Box 3025, New Albany, OH 43054-3025 |
| 4557913 | Email/Text: CreditandResolutionsLitigation@fcsamerica.com | | |
| | | Jan 06 2026 23:50:00 | Farm Credit/agdirect, Po Box 2409, Omaha, NE 68103 |
| 4557915 | + Email/Text: cgiglio@gbtonline.com | | |
| | | Jan 06 2026 23:51:00 | Guaranty Bank & Trust Co, P.O. Box 657, Belzoni, MS 39038-0657 |
| 4567495 | + Email/Text: JPMCBKnotices@nationalbankruptcy.com | | |
| | | Jan 06 2026 23:50:00 | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013 |
| 4557918 | + Email/PDF: ais.chase.ebn@aisinfo.com | | |
| | | Jan 06 2026 23:54:14 | Jpmcb, MailCode LA4-7100, 700 Kansas Lane, Monroe, LA 71203-4774 |
| 4578409 | Email/Text: fm.us.RAFCFLegal@raboag.com | | |
| | | Jan 06 2026 23:50:00 | Rabo AgriFinance LLC, 1402 Technology Parkway, Cedar Falls, IA 50613 |
| 4557922 | Email/Text: bankruptcynotices@trustmark.com | | |
| | | Jan 06 2026 23:50:00 | Trustmark National Ban, Pob 291, Jackson, MS 39205 |

TOTAL: 14

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 08, 2026                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 6, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Ashley N. Lane | on behalf of Creditor Guaranty Bank and Trust Company alane@gorekilpatrick.com  kferguson@gorekilpatrick.com |
| Carter Dobbs, Jr. | on behalf of Creditor George Holdings  L.P. carterdobbslaw@gmail.com, dobbscr94490@notify.bestcase.com |
| Erin A McManus | on behalf of Creditor Helena Agri-Enterprises  LLC emcmanus@watkinseager.com, scook@watkinseager.com |
| Harold J. Barkley, Jr. | |

hjb@hbarkley13.com  trusteeMSNB81@ecf.epiqsystems.com

James T. Milam

on behalf of Creditor Community Bank jtm@milamlawpa.com

Jay Gore, III

on behalf of Creditor Guaranty Bank and Trust Company jgore@gorekilpatrick.com
sedwards@gorekilpatrick.com,alane@gorekilpatrick.com

Jim F. Spencer, Jr.

on behalf of Creditor Helena Agri-Enterprises  LLC jspencer@watkinseager.com, mryan@watkinseager.com

Les Alvis

on behalf of Creditor John Deere Financial  f.s.b. lalvis@rccalaw.com, lesalvis@comcast.net

Les Alvis

on behalf of Creditor Deere Credit  Inc. lalvis@rccalaw.com, lesalvis@comcast.net

Les Alvis

on behalf of Creditor Deere & Company lalvis@rccalaw.com  lesalvis@comcast.net

Thomas C. Rollins, Jr.

on behalf of Debtor Jerry Wayne McLarty trollins@therollinsfirm.com
jennifer@therollinsfirm.com;notices@therollinsfirm.com;trollins@ecf.inforuptcy.com;calvillojr81745@notify.bestcase.com;TRol
lins@jubileebk.net;trollins.therollinsfirm.com@recap.email

Thomas C. Rollins, Jr.

on behalf of Joint Debtor Nancy Sue McLarty trollins@therollinsfirm.com
jennifer@therollinsfirm.com;notices@therollinsfirm.com;trollins@ecf.inforuptcy.com;calvillojr81745@notify.bestcase.com;TRol
lins@jubileebk.net;trollins.therollinsfirm.com@recap.email

U. S. Trustee

USTPRegion05.AB.ECF@usdoj.gov

TOTAL: 13